UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TYRONE JOHNNY LACY, JR.,<br><br>　　　　　　　Defendant. | Case No.   24-cv-1145 |

**PLAINTIFF'S MOTION TO CONTINUE DEADLINE TO APPLY FOR THE COURT'S ENTRY OF DEFAULT JUDGMENT UNDER RULE 55(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 1.10(c)**

　　　　Plaintiff, Securities and Exchange Commission ("SEC"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 1.10(c) respectfully requests an additional 45 days, or until May 9, 2025, to file its motion for entry of final judgment based on the default of Defendant Tyrone Johnny Lacy, Jr. ("Lacy" or "Defendant"). In support of its application, the SEC states as follows:

　　　　1.　　On February 12, 2025, the SEC filed a motion under Rule 55(a) of the Federal Rules of Civil Procedure requesting that the clerk enter default as to Lacy on the ground that he failed to plead or otherwise defend the Complaint within 21 days after being served with the Summons and Complaint. *See* ECF 10; *see* Fed. R. Civ. P. 12(a)(i) and 55(a).

　　　　2.　　On February 17, 2025, the Court granted the motion and ordered the clerk to enter a default against Lacy. ECF 11.

　　　　3.　　On February 18, 2025, the clerk entered a default against Lacy. ECF 12.

4. On February 24, 2025, the SEC personally served Lacy with the SEC's motion for entry of default and the Court's orders.

5. Pursuant to Local Rule 1.10(c), the SEC has 35 days from the date the clerk enters the default, or until March 25, 2025, to file a motion for entry of default judgment.

6. The SEC's decision-making body consists of Commissioners, appointed by the President with the advice and consent of the Senate. *See* 15 U.S.C. § 78d(a). Only the Commissioners, and not the staff of the SEC, have authority to authorize the filing of an enforcement action or to determine the remedies sought. The process of presenting, seeking, and obtaining Commission approval for remedies can take several months and is likely to take longer than the 35 days allotted in Local Rule 1.10(c).

7. The SEC requests the additional 45 days to file its motion so it can address liability and remedies in a single motion. If the SEC must file its motion within the 35-day period allotted under Local Rule 1.10(c), staff will not have had time to present its recommendation for remedies to the Commission, and, accordingly, will file a motion requesting that the Court find Lacy liable. The SEC staff, after obtaining approval from the Commission, will subsequently file a motion seeking remedies, if the Court grants its liability motion. The additional 45 days will allow the SEC to file a single motion addressing liability and remedies.

8. This extension of time, if granted, will be a more efficient use of the Court's time, as it will allow the SEC to file a single motion for final judgment based on Lacy's default.

9. As a result, and for good cause shown, the SEC seeks an additional 45 days to file its motion for entry of default judgment.

10. If this motion is granted, once the Commission considers the SEC staff's recommendation as to disgorgement, prejudgment interest, and civil penalties, the SEC will promptly file its motion for remedies pursuant to Rule 55(b)(2).

WHEREFORE Plaintiff Securities and Exchange Commission respectfully requests the Court grant it an additional 45 days, or until May 9, 2025, to file its motion for default judgment under Federal Rule of Civil Procedure 55(b)(2) and Local Rule 1.10(c).

Dated: February 26, 2025

RESPECTFULLY SUBMITTED,

*/s Sharan Lieberman*
Sharan E. Lieberman
Jason M. Spitalnick
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
Telephone: 303-844-1000
Email: liebermans@sec.gov
spitalnickj@sec.gov
*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*