## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA (TAMPA DIVISION)

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**TYRONE JOHNNY LACY, JR.,**

**Defendant.**

Case No.  24-cv-1145

## ORDER FOR ENTRY OF FINAL JUDGMENT BASED ON DEFENDANT'S DEFAULT

### FINAL DEFAULT JUDGMENT AS TO TYRONE JOHNNY LACY

This case came before the Court on Plaintiff Securities and Exchange Commission's (the "SEC") Motion for Entry of Final Default Judgment Against Defendant Tyrone Johnny Lacy, Jr. ("Lacy" or "Defendant"). Having considered the motion and the entire record, the Court enters the following order granting the SEC's motion:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.     This Court has personal jurisdiction over Defendant and the subject matter of this action. Venue is proper in the Middle District of Florida, Tampa Division.

2.     Defendant was served by process server with a copy of the Summons and Complaint on January 7, 2025.

3.     Defendant is not an infant or an incompetent person.

4.     Defendants is not on active duty in the military.

5.      The answer or responsive pleading was due on January 29, 2025, but Defendant has not answered or otherwise responded to the Complaint as required by the Federal Rules of Civil Procedure.

6.      On February 12, 2025, the SEC filed a motion for entry of default as to Defendant, which the Clerk entered on February 17, 2025.

7.      By virtue of his default and failure to respond to the Complaint, Defendant is deemed to have admitted the allegations of the Complaint, and liability is established against him. *See Jarquin v. Branch Reconstruction, LLC*, No. 8:24-CV-477-MSS-AAS, 2025 WL 436715, at *3 (M.D. Fla. Feb. 7, 2025) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Accordingly, the Court finds that Defendant committed the violations alleged in the Complaint.

Accordingly, it is:

**ORDERED AND ADJUDGED** that the Commission's Motion for Entry of Final Default Judgment Against Defendant Tyrone Johnny Lacy is GRANTED. Final Default Judgment is entered against Defendant as follows:

## I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

A.      to employ any device, scheme, or artifice to defraud;

B.     to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

C.     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any broker-dealer, about:

1.     the identity of the individual(s) trading securities in, depositing funds into or withdrawing funds from a brokerage account,

2.     his own or any other person's net worth or salary as stated on a brokerage account application, or

3.     the amount of settled funds that he or any other person whose brokerage account he controls has available for deposit from a bank account into a brokerage account in order to pay for securities transactions.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

3

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from: (a) directly or indirectly trading securities in any brokerage account Lacy owns, controls, or has access to that does not have settled cash equal to or greater than the amount of the securities trade(s); and (b) opening a brokerage account without first providing to the relevant brokerage firm(s) a copy of the Commission's filed complaint in this matter and any judgment that the Commission may obtain against him in this matter.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,699.57, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $343.16, and a civil penalty in the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $27,042.73 to the Securities and Exchange Commission within 30 days after entry of this Final Default Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tyrone Johnny Lacy as a defendant in this action; and specifying that payment is made pursuant to this Final Default Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Default Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Default Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Default Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Default Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Default Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Tampa, Florida, this 2nd day of October, 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party